Aug. 12, }
  1875. }                 FLANDERS *v.* GEORGE.

*Will—License to sell land for payment of debts—Notice.*

Provisions of a will *held* to impose upon the executor, who was also residuary legatee and accepted the will, the burden of paying the debts of the deceased, without calling in specific devises of land for that purpose.

A decree of the probate court, granting license to sell land for the payment of debts, will be reversed on appeal by this court, when it appears that parties interested in the land by the provisions of the will were not notified of the petition according to the order of the probate court.

APPEAL, by Leonard H. Flanders and several others, heirs-at-law and devisees of Benjamin George, from a decree of the judge of probate, granting license to the defendant, Jesse E. George, executor, to sell certain real estate of the deceased for the payment of debts. The matter was sent to a commissioner to find the facts, and a very full and voluminous report returned, from which it appears, among a great variety of other things, that Benjamin George died in 1864, leaving two sons and four daughters ; that by his last will he made a specific devise of real estate to his son Jesse E. George (the defendant) of much larger amount than the portion given to either of his other children ; that he also gave to said Jesse E., as residuary legatee, a much larger share of his personal estate than to either of his other children, and appointed him executor, he paying all the debts of the deceased; that the executor accepted the trust, and entered upon the discharge of his duties under the conditions of the will, and paid debts against the estate to the amount of some four hundred dollars. February 10, 1871, the executor petitioned the probate court for license to sell real estate sufficient to raise the sum of $700 for the payment of debts.

The grounds upon which the decision of the court is placed make it unnecessary to state the circumstances under which a decree of the

probate court granting such license was obtained, at the February term, 1872. From that decree this appeal was taken.

The report shows, further, that a large number of persons, grandchildren of the deceased, who were interested in the petition as devisees in remainder of the land, were not served with notice of the petition according to the order of the probate court.

Among the reasons of appeal were these two: First, that, by the will, the appellee was to pay all the debts against the estate, and accepted the provisions of the will upon the condition that he should do so; and second, that there was no notice to parties interested in the subject-matter of the petition. The will and records of the probate court were before the court.

*Hills*, for the appellants.

*Woods*, for the appellee.

LADD, J. Without stopping to examine all the reasons of appeal, I am of opinion that at least two are made out, and that the decree of the probate court should be reversed. First: I think the only fair construction to be put upon the language of the will is, that all the debts of the deceased were to be paid by the appellee personally, and that he accepted the bounty of the testator and the trust of executor upon the condition that he would do so; but, even if the language used by the testator on this point admitted of question, all doubt must disappear when the whole will is considered together. The testator made a specific disposition of all his real estate, small portions being given to each of his four daughters and his son Greenleaf C. George, for life only in every instance but one, with remainders over to the children of the devisees; while to the defendant he gave nearly one third of all his real estate in fee, and in addition about the same share of what was left as he gave to the other children, besides making him residuary legatee as to the personal property, whereby he appears to have received some two thirds of the whole personal estate. When, after doing this, the testator provides in terms that the defendants shall pay the debts (which appear to have been quite inconsiderable in amount), it is not to be doubted, I think, that his intention was to provide for payment of the debts without disturbing the specific devises he had made in favor of his other son and daughters. Secondly: It is clear, I think, that the decree of the probate court should be reversed for want of notice to the children of Eliza Flanders, Harriet M. Wilson, and Sarah A. Kimball, grandchildren of the testator, who were interested in the land as remainder-men under the will.

CUSHING, C. J., and SMITH, J., concurred.

*Decree of probate court reversed.*